**Debra A. DENNIS, Petitioner,**

**v.**

**DEPARTMENT OF HEALTH AND HUMAN SERVICES, Respondent.**

**Appeal No. 86–1138.**

United States Court of Appeals, Federal Circuit.

Nov. 4, 1986.

asdf

Edward H. Passman, of Passman & Broida, Washington, D.C., for petitioner.

Polly A. Dammann, of the Commercial Litigation Branch, Civ. Div., Dept. of Justice, Washington, D.C., for respondent. With her on the brief were Richard K. Willard, Asst. Atty. Gen., David M. Cohen, Director, and Robert A. Reutershan, Asst. Director, Dept. of Justice. Of counsel was Eileen M.I. Houghton, of the Dept. of Health and Human Services, Office of the General Counsel, Washington, D.C.

Before MARKEY, Chief Judge, NIES and NEWMAN, Circuit Judges.

MARKEY, Chief Judge.

Appeal from an arbitration award sustaining Department of Health and Human Service's (agency's) removal of Debra A. Dennis for submitting false information for entry into the agency's computerized case control system. We reverse.

## BACKGROUND

Debra A. Dennis worked for the Department of Health and Human Services, Social Security Administration, for over 18 years. It is undisputed that she was a knowledgeable and capable employee, receiving a cash award for sustained superior performance in January 1984.

From August 1982 until her removal in June 1985, Dennis worked as a recovery reviewer for the Office of Disability Operations (ODO). Recovery reviewers process cases in which Social Security beneficiaries have received overpayments. They may attempt to collect an overpayment, decide to waive an overpayment in certain circumstances where the beneficiary has requested a waiver, or determine that an overpayment is uncollectible. If a recovery reviewer decides to approve a beneficiary's request for waiver of overpayment, he or she prepares a transaction coding sheet with the notation "Transaction Code 53" (TC–53) for entry into the Social Security Administration's computerized case control system. If a recovery reviewer determines that an overpayment is uncollectible, he or she prepares a transaction coding sheet with the notation "Transaction Code 71" (TC–71).

In August 1984, an anonymous telephone call to the Integrity Section of the ODO led to an audit of the work Dennis performed between August 21 and September 20, 1984. The audit found that, in 17 of 30 cases that Dennis had coded TC–53, the beneficiary had not requested a waiver of overpayment. In 37 of 59 cases that Dennis had coded TC–71, the case folder lacked the documentation necessary to a determination that the debt was uncollectible.

Integrity Section investigators interviewed Dennis on December 6 and December 11, 1984. Denying deliberate wrongdoing, Dennis stated that some errors could have occurred because her immediate supervisor instructed her to process certain cases without the case folder, i.e. without complete information that would have allowed her to make fully informed decisions.

On March 15, 1985, Dennis' second-line supervisor issued a proposal to remove her from her position. The proposal charged that Dennis "(1) falsely indicated that waiv-

er determinations had been granted when, in fact, waiver requests had never been made in 17 cases and (2) falsely indicated that collection activities had been terminated in 37 cases when, in fact, the case development necessary to reach such a determination had never been initiated." Dennis submitted oral and written responses, stating again that she had processed most of the cases in question without the case folder because persons in authority had instructed her to do so.

On May 31, 1985, the agency sustained the proposal to remove Dennis. Her removal became effective on June 8, 1985. Dennis filed a timely grievance.

After a two-day arbitration hearing conducted on January 9 and 16, 1986, the arbitrator issued a decision finding that "the removal of Debra Dennis was for just cause" and denying Dennis' grievance.

On April 14, 1986, the arbitrator issued a reply to Dennis' Petition for Reconsideration, in which he concluded that neither a reconsideration of the arbitration award nor a reopening of the hearing was merited.

## ISSUE

Whether the arbitrator's decision, as supplemented by his reply to Dennis' Petition for Reconsideration, is supported by substantial evidence.

## OPINION

This court reviews an appeal from an arbitrator's decision under the same standard of review as that governing appeals from the Merit Systems Protection Board. 5 U.S.C. § 7121(f) (1982); *Cornelius v. Nutt*, 472 U.S. 648, —— n. 16, 105 S.Ct. 2882, 2890 n. 16, 86 L.Ed.2d 515 (1985); *Grigsby v. U.S. Dept. of Commerce*, 729 F.2d 772, 774 (Fed.Cir.1984). Under 5 U.S.C. § 7703(c), this court shall review the record and hold unlawful and set aside any action, findings, or conclusions found to be—

(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law;

(2) obtained without procedures required by law, rule, or regulation having been followed; or

(3) unsupported by substantial evidence.

Because Dennis was charged with "falsely" supplying erroneous information, the agency had the burden to prove by a preponderance of the evidence that Dennis "knowingly supplied wrong information ... with the intention of defrauding the agency." *Kumferman v. Department of Navy*, 785 F.2d 286, 290 (Fed. Cir.1986); *Naekel v. Department of Transportation*, 782 F.2d 975, 977 (Fed.Cir.1986).

At the arbitration hearing, the agency presented evidence showing that Dennis knew her job well, that she incorrectly processed a majority of cases she handled during a 30-day period, and that the cases she processed correctly were less complex and voluminous than those processed incorrectly. The agency presented testimony that a recovery reviewer would never process certain categories of cases without the case folder. The arbitrator inferred from that evidence that "this is not simply a case of poor performance by an employee of marginal abilities ... Absent some other persuasive reason, [Dennis'] actions must be regarded as misconduct...."

The arbitrator then considered "whether, as claimed by [Dennis], she was instructed by her [immediate] supervisor to terminate collection activities because of the high backlog of workload in the unit." Neither party called the immediate supervisor to testify, but the agency presented two items of hearsay evidence to show that the immediate supervisor did not instruct Dennis to process cases without folders: testimony by Dennis' second-line supervisor about a conversation he had had with Dennis' immediate supervisor, and a written summary of an investigative interview with the immediate supervisor. In both, the immediate supervisor denied having instructed anyone to deviate from standard procedures. In the "Discussion" section of his

decision, the arbitrator, specifically referring to those two hearsay items, stated, "the preponderance of evidence persuades me that [Dennis'] immediate supervisor did not instruct [Dennis] to handle cases without the folder." We have not been shown that the agency presented any other evidence on that point.

The arbitrator further noted in his "Discussion" section that a third item of hearsay evidence "persuaded" him that Dennis had committed "deliberate falsification of records." An agency witness testified that another employee had telephoned one of the agency's district offices to verify an entry Dennis had made in a case folder regarding a contact she had made with that office, and that the district office knew of no such contact.

Dennis argued in her Petition for Reconsideration that the arbitrator had given excessive weight to hearsay evidence. In his reply, the arbitrator stated, "In reaching my decision to sustain the Agency's action, I did not rely upon the hearsay items alluded to in the section of the award entitled 'Discussion.'" We view that statement as an express repudiation of the agency's hearsay evidence.

The remaining evidence on which the arbitrator could have based his decision shows that Dennis was a capable employee, but that her work during a 30–day period contained a large number of errors, and that she followed improper procedures. Without the repudiated hearsay evidence, Dennis' assertion that she made those errors because she was acting under her immediate supervisor's instructions to process cases without the case folders is unrebutted.

We may uphold the arbitrator's decision only if we conclude that the record as a whole contains substantial evidence to support it, that is, the record "disclose[s] such relevant evidence as might be accepted by a reasonable mind as adequate to support the conclusion reached." *Hayes v. Department of the Navy,* 727 F.2d 1535, 1537 (Fed.Cir.1984).

On the record before us, we cannot conclude that substantial evidence supports the arbitrator's finding that the agency proved by a preponderance of the evidence that Dennis deliberately falsified information for entry into the agency's computerized case control system. Although Dennis may have submitted incorrect information, "[t]he fact of an incorrect response cannot control the question of intent" to deceive the agency. *Naekel,* 782 F.2d at 978.

We note that despite the errors in Dennis' work, the agency chose not to propose action against her for unacceptable performance under 5 U.S.C. § 4303, as it could have.

### CONCLUSION

The evidence of record on which the arbitrator could have relied in light of his reply to Dennis' Petition for Reconsideration is insufficient to sustain the agency's charges that Debra Dennis submitted false information for entry into the agency's computerized case control system. We set aside the agency's action because it was unsupported by substantial evidence. 5 U.S.C. § 7703(c)(3). The decision of the arbitrator is reversed.

REVERSED.