848 F.2d 1245
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Ralph S. PETTIFORD, Petitioner,
v.
DEPARTMENT OF the NAVY, Respondent.
 No. 87-3595.
 United States Court of Appeals, Federal Circuit.
 May 16, 1988.
 
 Before FRIEDMAN, ARCHER and MICHEL, Circuit Judges.
 PER CURIAM.
 
 DECISION
 
 1
 The final decision of the Merit Systems Protection Board (MSPB or board) in Docket No. PH07528710046, removing Ralph S. Pettiford from his position as a Boilermaker Apprentice at the Philadelphia Naval Shipyard, is affirmed.
 
 OPINION
 
 2
 In reviewing a final decision of the board, our standard of review is determined by 5 U.S.C. Sec. 7703(c) (1982). This court is to hold unlawful and set aside any agency action, findings, or conclusions found to be arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; obtained without procedures required by law, rule, or regulation having been followed; or unsupported by substantial evidence. Hayes v. Department of the Navy, 727 F.2d 1535, 1537 (Fed.Cir.1984); see Brewer v. United States Postal Service, 647 F.2d 1093, 1096 (Ct.Cl.1981) (court must decide whether the administrative decision is supported by substantial evidence on the record as a whole), cert. denied, 454 U.S. 1144 (1982).
 
 
 3
 Mr. Pettiford argues that the sustained charge of "submitting an altered medical document in support of a sick leave absence" is, under the circumstances of this case, a de minimus charge which should not have contributed to the imposition of the penalty of removal. Although petitioner admits that he altered the document at issue, he goes to some length to demonstrate that the alteration did not result in any fraud on the government since the phrase added to the doctor's note described dates for which sick leave was found to be justified or for which administrative leave was given. However, as petitioner acknowledges, he was only charged with altering the document, not falsifying it, so whether he had the intention of defrauding the government or whether the government was actually defrauded by his actions is irrelevant to the outcome here. Cf. Dennis v. Department of Health and Human Services, 804 F.2d 670, 672 (Fed.Cir.1986).
 
 
 4
 Petitioner nevertheless argues that the penalty of removal is unjustifiable since the agency decision to remove was based on five charges, of which only two were sustained by the board. However, even further assuming (without so deciding) that petitioner is correct that the alteration charge had not been timely brought by the agency or is de minimus, the board sustained the disrespectful conduct charge against Mr. Pettiford, which the agency had explicitly determined was sufficient "standing alone" to effect his removal.* After careful review of the record and the arguments of the parties, we are unable to conclude that Mr. Pettiford has demonstrated that the disrespectful conduct charge is not supported by substantial evidence or that his removal on the basis of that charge alone amounts to an abuse of discretion. See Miguel v. Department of the Army, 727 F.2d 1081, 1083 (Fed.Cir.1984) (agency-imposed penalty can only be overturned if an abuse of discretion or if "totally unwarranted"). Therefore, we must affirm the final decision of the board.
 
 
 
 *
 Contrary to petitioner's assertions, we do not view the agency's answers to his requested interrogatories as the equivalent of an admission by the agency that it would not have removed Mr. Pettiford if all of the five original charges had not been upheld