831 F.2d 305
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Jimmy LOVATO, Petitioner,
v.
DEPARTMENT OF HEALTH AND HUMAN SERVICES, Respondent.
 Appeal No. 87-3152.
 United States Court of Appeals, Federal Circuit.
 Sept. 2, 1987.
 
 Before NIES, Circuit Judge, SKELTON, Senior Circuit Judge, and ARCHER, Circuit Judge.
 NIES, Circuit Judge.
 
 DECISION
 
 1
 Jimmy Lovato was removed from his position as an Equal Opportunity Specialist at the Department of Health and Human Services. By decision of December 15, 1986, an arbitrator sustained one of the charges against Lovato, namely that he committed wasteful actions in the performance of his duties, refused to sustain a charge of falsification of sick leave documents, and mitigated the penalty, ordering his reinstatement without backpay. We modify the decision to reduce the penalty and remand for entry of an appropriate order.
 
 OPINION
 
 2
 This court reviews an appeal from an arbitrator's decision under the same standard of review as that governing appeals from the Merit Systems Protection Board. 5 U.S.C. Sec. 7121(f) (1982); Cornelius v. Nutt, 472 U.S. 648, 661 n. 16 (1985); Grigsby v. United States Dep't of Commerce, 729 F.2d 772, 774 (Fed.Cir.1984).
 
 
 3
 Following a hearing, the arbitrator sustained the charge of wasteful actions in the performance of duty, but not the charge of falsifying government documents. Upon reviewing the relevant factors set forth in Douglas v. Veterans Admin., 5 MSPB 313 (1981), the arbitrator mitigated the agency's removal penalty to a reinstatement, but without pay for time lost.
 
 
 4
 There is no dispute that during business hours Lovato requested Janet Culbertson, a co-worker, to deliver a "Notice of Summons to Appear" to John Garcia, another agency employee, and to fill out a "Return of Service" in connection with a personal dispute over a debt Garcia owed Lovato. Culbertson said she did so on government time. The agency charged that such actions violated numerous standards of Conduct and "wastefully utiliz[ed Culbertson's] time, [Lovato's] time, [and] Garcia's time ... for personal reasons and for personal gain."
 
 
 5
 Lovato argues that substantial evidence does not support the sustained charge. He reasons that the arbitrator must have failed to comprehend the charge against him because the arbitrator did not find specifically that he instructed Culbertson to deliver the summons on government time as stated in the agency's description of the incident. The substance of the charge, however, is not the specific direction he gave Culbertson, but wasting the time of government employees. The arbitrator's decision indicates that the arbitrator fully understood the charge, and his findings are amply supported by the evidence.
 
 
 6
 Lovato's argument that no evidence establishes that the delivery of the summons was for his personal gain must also fail. Lovato does not dispute that the summons involves collection of a private debt Garcia allegedly owes him, a personal gain which is self-evident.
 
 
 7
 In his remaining arguments Lovato essentially asserts that the arbitrator did not give sufficient weight to the testimony of his witnesses or to his explanations for his actions. Those arguments, however, consist of little more than disagreement with the arbitrator's credibility determinations. Such arguments offer no basis on which to reject those determinations. Griessenauer v. Department of Energy, 754 F.2d 361, 364 (Fed.Cir.1985). Credibility determinations are strictly within the province of the hearing officer who heard the testimony and observed the demeanor of the witnesses. Id.; DeSarno v. Department of Commerce, 761 F.2d 657, 661 (Fed.Cir.1985).
 
 
 8
 After sustaining only one of the charges against Lovato, which the arbitrator found was "minor, involving some ten or fifteen minutes of another employee's time," the arbitrator mitigated the penalty to reinstatement without backpay which, in effect, amounted to over a one-year suspension. Lovato argues that the penalty remains too harsh and, in any event, is arbitrary because the extent of loss of pay depended on when the arbitrator issued his decision.
 
 
 9
 Determination of the appropriateness of a penalty is a matter committed primarily to the decision-maker's discretion. Schapansky v. Department of Transp., FAA, 735 F.2d 477, 484 (Fed.Cir.), cert. denied, 469 U.S. 1018 (1984). This court will not disturb that choice of penalty unless it is so unreasonable as to amount to an abuse of discretion. Villela v. Department of the Air Force, 727 F.2d 1574, 1576 (Fed.Cir.1984); Weston v. United States Dep't of Hous. & Urban Dev., 724 F.2d 943, 949 (Fed.Cir.1983). This is one of the rare instances where we find it appropriate to do so. While we agree with the arbitrator's decision to mitigate, we conclude that a year's loss of pay is so disproportionate to the single sustained offense that it constitutes an abuse of discretion. We do not agree with petitioner that he should have received only a written reprimand. Petitioner had previously received a reprimand for a related type of offense, namely, use of government telephones to conduct personal business. Accordingly, we conclude that in view of all of the circumstances, the appropriate penalty is a sixty-day suspension.
 
 
 10
 In sum, we affirm the arbitrator's decision, except for his penalty determination which we modify to a sixty-day suspension. The case is remanded for the arbitrator to enter an appropriate order.