**William F. GRIGSBY and the National Weather Service Employees Organization, Petitioners,**

v.

**U.S. DEPARTMENT OF COMMERCE, National Weather Service, Respondent.**

Appeal No. 83–792.

United States Court of Appeals, Federal Circuit.

March 12, 1984.

Richard J. Hirn, Washington, D.C., argued, for petitioners.

Alexander Younger, Washington, D.C., argued, for respondent. With him on the brief were J. Paul McGrath, Asst. Atty. Gen., and David M. Cohen, Director, Washington, D.C.

Before KASHIWA, MILLER and SMITH, Circuit Judges.

EDWARD S. SMITH, Circuit Judge.

In this civilian removal case, petitioner Grigsby appeals from the ruling of an arbitrator sustaining Grigsby's removal from his position with the National Weather Service. We affirm.

## Issues

The principal issue raised by this appeal is whether Grigsby was a probationary employee at the time of his removal and, therefore, was not entitled to the benefit of procedures provided in 5 U.S.C. § 7513 and 5 C.F.R. § 752.404. In determining whether Grigsby was a probationary employee, we must consider the effect on his employment status of clerical errors allegedly committed in the processing of his appointment.

## Background

Grigsby was a permanent civilian employee of the United States Navy, working as a teletypist GS–5. In 1981, Grigsby sought employment as a teletypist with other federal agencies and was listed on an Office of Personnel Management certificate of eligibles (certificate).[1] He was selected from the certificate by the National Weather Service and entered on duty on October 4, 1981, as a GS–6 with the Weather Service, without a break in service.

A Standard Form 52, Request for Personnel Action (SF–52), characterizing the personnel action as a transfer, was prepared by the Weather Service. As a transferee, Grigsby would retain his permanent status and would not be required to serve a new probationary period.[2] Subsequently, Grigsby was given a copy, dated October 5, 1981, of Standard Form 50, Notification of Personnel Action (SF–50), indicating that he had been appointed by transfer and not from the certificate. That document expressly states "PROBATIONARY PERIOD COMPLETED."

On July 6, 1982, Grigsby was issued a notice of termination effective July 24, 1982.[3] The notice of termination was based on inadequate performance and stated that Grigsby was a probationary employee. The agency attempted retroactively to correct Grigsby's appointment records by a second SF–50, dated August 12, 1982, after Grigsby had received his termination notice. Grigsby never received a copy of that SF–50. The National Weather Service

---

**1.** Certificate No. WA–FC–1–0074 was issued by the Office of Personnel Management on September 10, 1981.

**2.** Under the procedures then in force, the technician preparing Grigsby's SF–52 should have characterized the personnel action as a career conditional appointment from the certificate of eligibles, thereby subjecting Grigsby to a 1-year probationary period. Federal Personnel Manual 296–31, Installment 83, Nov. 10, 1980, superseding Installment 74, July 9, 1979.

**3.** The effective date was subsequently extended to August 23, 1982.

Employees Organization, acting on Grigsby's behalf, filed a grievance that was subsequently rejected on the basis of the agency's position that Grigsby was a probationary employee.

An arbitration hearing was held and on February 1, 1983, Arbitrator Lubic issued a decision denying the grievance. The arbitrator determined that, while the agency *could have* appointed Grigsby by transfer, it had not done so. On the basis of all of the facts and circumstances, not limited to the allegedly erroneous October 5, 1981, SF–50, Arbitrator Lubic determined that Grigsby was appointed from the certificate and was, therefore, a probationary employee. Finding that Grigsby had not relied on the agency's error, the arbitrator rejected Grigsby's claim that the Government was estopped to deny the error. Grigsby appeals.

## Standard of Review

■ Judicial review of an appeal from an arbitrator's decision may be obtained under the same standard of review governing appeals from the Merit Systems Protection Board.[4] Hence, pursuant to 5 U.S.C. § 7703(c), this court shall review the record and hold unlawful and set aside any actions, findings, or conclusions found to be—

(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law;

(2) obtained without procedures required by law, rule, or regulation having been followed; or

(3) unsupported by substantial evidence.

Grigsby's entitlement to greater procedural safeguards than those provided during his removal will be determined on the basis of whether his appointment was from the certificate or by transfer. Arbitrator Lubic recognized that, in spite of Grigsby's *selection* from the certificate of eligibles, Grigsby could have been *appointed* either from the certificate or by transfer.[5] The applicable regulations and rules [6] provide that if Grigsby was appointed from the certificate he was required to serve a 1-year probationary period. If, instead, Grigsby was appointed by transfer, those rules and regulations are not applicable and Grigsby was entitled to further procedural safeguards that were not accorded him.

## Appointment

Grigsby does not contend that Arbitrator Lubic's factual finding that Grigsby was appointed from the certificate is not supported by substantial evidence. Rather, Grigsby attacks the above conclusion as to his probationary status as being incorrect as a matter of law. While the Government for some reason attempts to create a factual issue, the point is not contested by Grigsby and there is no disagreement between the parties. We therefore move directly to consideration of the legal issue that is dispositive of this appeal: whether the erroneous October 5, 1981, SF–50 is determinative of Grigsby's employment status.

## Legal Effect of SF–50

■ Grigsby claims that he was appointed by transfer as a matter of law. Relying on this court's precedent in *Goutos v. United States* [7] and *Marcus v. United States*,[8] Grigsby contends that his employment sta-

**4.** 5 U.S.C. § 7121(f) (1982); *Devine v. White*, 697 F.2d 421, 439 (D.C.Cir.1983) (recognizing that above standard governs appeals by aggrieved employees from decisions of arbitrators). *Cf. Devine v. Sutermeister*, 724 F.2d 1558 (Fed.Cir. 1983) (review requested by OPM under 7703(d) involves further issue whether exercise of discretionary jurisdiction is warranted); *Devine v. Nutt*, 718 F.2d 1048 (Fed.Cir.1983) (exercise of discretionary jurisdiction pursuant to 5 U.S.C. § 7703(d) at request of OPM for judicial review of arbitrator's award).

**5.** 5 C.F.R. § 315.501 (1982); *Marcus v. United States*, 473 F.2d 896 (Ct.Cl.1973).

**6.** 5 C.F.R. § 315.801(a)(1); Federal Personnel Manual ch. 315, 8–2A.

**7.** *Goutos v. United States*, 552 F.2d 922 (Ct.Cl. 1976).

**8.** *Marcus*, 473 F.2d 896.

tus is determined by the October 5, 1981, SF–50.[9] Grigsby interprets those cases as holding that the characterization of a personnel action on the face of the SF–50 is determinative of the appointment. We disagree with Grigsby's interpretation.

In *Goutos*, the employee sought retroactive appointment to the position of Chief in which he had previously served without official appointment. The employee was recommended for appointment to the position sought, yet, despite repeated requests, the Chief Personnel Officer never executed an SF–52 appointing the employee to the position of Chief. In *Goutos*, the Court of Claims stated [10] "under the facts of this case, execution of the [SF–52] form is the *sine qua non* to plaintiff's appointment." Ignoring for a moment the obvious qualification of that holding, we examine the effect of the court's holding and seek to resolve any confusion that it may have generated.

Grigsby misstates that holding when he claims that the appointment document controls. The term *"sine qua non"* does not indicate a sufficient or controlling element. Black's Law Dictionary defines the term thus:[11]

SINE QUA NON. Without which not. That without which the thing cannot be. An indispensable requisite or condition.

Thus, while an employee's appointment cannot exist without execution of the appropriate appointment form, the court in *Goutos* did not hold that execution of the SF–52 is a controlling or sufficient element of the appointment. In response to Grigsby's argument that it was so considered in *Marcus*, we must examine the facts of that case as well.

In *Marcus*, the employee's change in position was characterized differently on each of two SF–50 forms: (1) as a transfer, by the agency he left, and (2) as an appointment from the civil service register, by the agency he entered. The court relying on the second SF–50, issued by the agency Marcus entered, held that he was a probationary employee. The second form was relied on as correctly characterizing the personnel action. There was no allegation in *Marcus* that the form relied on to determine Marcus' status was in error. In short, the court in *Marcus* did not reach the issue we face in this appeal.

To the extent that the court did assess error in the appointment documents, it declined to consider the SF–50 issued by the agency that Marcus left as determinative of Marcus' status. It relied on the second SF–50 presumably because that form correctly depicted the controlling facts. There is no indication that the court felt that the SF–50 by its own force and effect controls an employee's status, nor did the court expressly hold that the SF–50 on its face controls. Given the conflicting SF–50 forms involved in *Marcus*, the case cannot reasonably be interpreted for those propositions. The court never articulated criteria for its selection of one of the conflicting SF–50 forms, nor did it give any reason for its reliance on the second SF–50—other than that document's presumed accuracy.

Neither *Marcus* nor *Goutos* involved an alleged error in the appointment form relied on by the court. Those cases can reasonably be interpreted to hold that the court may consider the SF–50 form in determining an employee's status and that execution of the appropriate appointment form is an indispensable requirement for an appointment. Neither case, however, holds that the SF–50 or SF–52 on its face controls an employee's status. We hold that, under the facts of this case, the Government is not barred from demonstrating ministerial error in the execution

**9.** There is quite properly no contention by the Government in this appeal that the August 12, 1981, SF–50 was in any way effective to alter Grigsby's status. That attempt to correct Grigsby's records simply came too late. To hold otherwise would be to reduce an employee's appointment to a form manipulable at any time by the agency. Thus, the October 5, 1981, SF–50 stands uncorrected and we base our holding squarely on that document.

**10.** *Goutos,* 552 F.2d at 924.

**11.** Black's Law Dictionary 1242 (5th ed. 1979).

of the SF–52 or the SF–50. Neither form is conclusive in face of error in its execution. Arbitrator Lubic found that, on the basis of all of the facts and circumstances, the Government has shown that Grigsby was appointed from the certificate. Thus, Grigsby is a probationary employee and is not entitled to procedures other than those provided in his removal.

## Estoppel

■ While we hold that the SF–50 is not legally binding, we note that the Government may not be free in all circumstances to elude the effects of its own errors. Grigsby does not contend that the arbitrator's finding—that Grigsby had not relied on the agency's error—was not supported by substantial evidence. By Grigsby's own admission, he was aware of the error. Thus, reliance, an essential element of estoppel, is lacking and the Government is not in this case estopped to establish that Grigsby's appointment forms were in error.

## Conclusion

■ In summary, the SF–50 is not a legally operative document controlling on its face an employee's status and rights. Under the circumstances of this case, the Government demonstrated error in the technical completion of the appointment documents. Further, the Government is not in this appeal estopped from demonstrating those errors in its effort to establish that Grigsby is a probationary employee. Hence, the Government having established that Grigsby is a probationary employee, Grigsby is not entitled to the benefit of the procedures provided in 5 U.S.C. § 7513 and 5 C.F.R. § 752.404 with respect to his removal.

AFFIRMED.