878 F.2d 1446
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Roger DURHAM, Petitioner,
v.
DEPARTMENT of the AIR FORCE, Respondent.
 No. 89-3091.
 United States Court of Appeals, Federal Circuit.
 June 12, 1989.
 
 Before RICH, Circuit Judge, COWEN, Senior Circuit Judge, and BISSELL, Circuit Judge.
 DECISION
 PER CURIAM.
 
 
 1
 This appeal is from the Merit Systems Protection Board's initial decision in docket number DE07528810190, which became final November 10, 1988, dismissing the petition of Roger R. Durham, after a hearing, for lack of jurisdiction because he was a probationary employee with less than one year of service. We affirm.
 
 OPINION
 
 2
 Roger Durham was removed from his employment at Lowry Air Force Base in Colorado, effective March 3, 1988. The Air Force followed the summary removal procedures appropriate for probationary employees in effecting the removal. Mr. Durham contends that at the time of his removal he had completed his probationary employment period and was therefore entitled to the procedural safeguards outlined in Chapter 75 of 5 U.S.C. The board held that Mr. Durham was a probationary employee at the time of his removal and that it therefore lacked jurisdiction to entertain his appeal.
 
 
 3
 Mr. Durham argues that he reported for duty on March 2, 1987, and it therefore follows that his one-year probationary period ended on March 1, 1988.
 
 
 4
 The effective starting date of Mr. Durham's probationary period is not controlled by the date on which he stepped across the threshold of the agency to enter on duty. Rather, the starting date of service as an employee is determined by reference to 5 U.S.C. Sec. 2105(a) (1982). Section 2105(a) defines an employee as one who is:
 
 
 5
 (1) appointed in the civil service by one of the following [federal officials] acting in an official capacity--
 
 
 6
 * * *
 
 
 7
 * * *
 
 
 8
 (2) engaged in the performance of a Federal function under authority of law or an Executive act; and
 
 
 9
 (3) subject to the supervision of an individual named by paragraph (1) of this subsection while engaged in the performance of the duties of his position.
 
 
 10
 5 U.S.C. Sec. 2105(a).
 
 
 11
 With regard to the element of a valid appointment, "[t]he essential prerequisites are an authorized appointing officer who takes an action that reveals his awareness he is making an appointment in the United States civil service.... The status of 'employee' requires an unequivocal intention to bring an individual within the civil service." Watts v. Office of Personnel Management, 814 F.2d 1576, 1580 (Fed.Cir.), cert. denied, 108 S.Ct. 258 (1987). The board's finding that such intention and awareness were lacking on the part of Mr. Durham's appointing officer is supported by substantial evidence. Captain Jonathan Carroll Canter, the official who Mr. Durham contends directed him to report on duty prior to March 5, testified that he did not require Mr. Durham to report for duty prior to March 5, 1987, and that when Mr. Durham questioned the March 5, 1987, starting date indicated on his paycard, Captain Canter confirmed the correctness of this date. In the face of this evidence and other official records including his March 5 oath of office, the board's finding that Mr. Durham was not appointed prior to March 5, 1987, is not arbitrary, capricious, or unsupported by substantial evidence.
 
 
 12
 Mr. Durham's contention that the March 5, 1987, starting date indicated on his SF-50 form is not controlling is unpersuasive. We have held that while the SF-50 form alone does not determine employment status, it is an indispensable element to a valid appointment. See, e.g., Grigsby v. United States Department of Commerce, 729 F.2d 772, 775 (Fed.Cir.1984).
 
 
 13
 In the absence of a valid appointment prior to March 5, 1987, Mr. Durham was not an employee despite his physical presence at Lowry Air Force Base from March 2 through 4, 1987. An individual must satisfy all three elements of section 2105(a) to be considered a federal employee. E.g., Watts, 814 F.2d at 1579; Horner v. Acosta, 803 F.2d 687, 691 (Fed.Cir.1986). Accordingly, Mr. Durham's removal from employment effective March 3, 1988, occurred during his one-year probationary period and the board was without jurisdiction to hear his appeal.