972 F.2d 1355
 NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Mary A. POORES, Petitioner,
v.
TREASURY DEPARTMENT, Respondent.
 No. 91-3273.
 United States Court of Appeals, Federal Circuit.
 June 25, 1992.
 
 Before ARCHER, PLAGER and RADER, Circuit Judges.
 DECISION
 PLAGER, Circuit Judge.
 
 
 1
 Mary A. Poores (Poores) petitions for judicial review of the March 6, 1991 decision of the Merit Systems Protection Board (MSPB or Board), reversing the initial decision of the Administrative Judge (AJ) dated July 9, 1990, Docket No. SL315H9010191. The AJ held that Poores was no longer a probationary employee, and therefore the Board had jurisdiction over Poores' appeal of her termination. 5 U.S.C. § 7512 (1988). Since the termination had not provided the procedural protections set forth in 5 U.S.C. § 7513 (1988), it was reversed by the AJ. The Board reversed the initial decision of the AJ, holding that Poores was indeed a probationary employee and that, since the Agency had acted in accordance with 5 C.F.R. §§ 315.804-805, there was no procedural error requiring reversal of the Agency's action. We affirm.
 
 DISCUSSION
 
 2
 Poores was hired as a Tax Examiner Assistant by the Agency on January 19, 1988. She was required to serve a one year probationary period. When Poores was targeted to fill a second position--Internal Auditor--the Agency initially tried to hire her from the Office of Personnel Management (OPM) register. This it could not do, since other applicants were ranked higher on the register than was Poores. The Agency then posted a vacancy announcement under its own "merit promotion/reassignment" plan; Poores submitted her application in response to this listing. Had she been hired by this method, she would be a "lateral reassignment," and a new one-year probationary period would not be required. Ultimately, on September 25, 1988 the Agency used its "direct hire" authority to appoint Poores to the Internal Auditor position. Federal Personnel Manual (FPM) Chapter 332, Appendix D. Poores was not told at that time that she was a direct hire rather than a transfer. Nor was Poores informed that the Agency considered her subject to a new one-year probationary period.
 
 
 3
 Poores remained unaware of her probationary status until she came under investigation for falsification of information on her application (a pre-employment reason), and for making threatening telephone calls to another Agency employee (a post-employment reason). On April 5, 1989, she requested and received for the first time her SF-50; this official document described her status as "direct hire." On June 8, 1989, Poores was dismissed. Her dismissal accorded with the procedural requirements for the termination of probationary employees set forth in 5 C.F.R. §§ 315.804-805.
 
 
 4
 The critical issue in this appeal is whether Poores was still a probationary employee at the time of her dismissal--i.e., whether her probationary period ended on January 18, 1989, the end of one full year dating from her entry into her first position, or alternatively, on September 24, 1989, the end of one full year dating from her entry into her second position. If Poores was laterally reassigned or transferred, then no new probationary period was required and her probationary period for the second position of Internal Auditor ended on January 18, 1989. FPM Chapter 315, Subchapter 8-2(a) and (e). If she was a direct hire, she was required to undertake a new one-year probationary period, since her new job was in a different line of work. FPM Chapter 315, Appendix A-3c(1).
 
 
 5
 The AJ held that Petitioner was a "direct hire" appointment but incorrectly concluded that no new probationary period was required, by analogy to the lateral reassignment provisions. The AJ refused to consider the Agency's proffered September 19, 1989 amendment to FPM Chapter 315-A-3(c), which specifically stated that certain prior service of direct hire appointees was to be counted "toward the completion of a new probationary period." The full Board considered both this later amendment and a statement in the "Table of Changes" which state that the amendment "clarifies that appointment under direct hire authority requires a new probationary period." (emphasis added). We agree that both the amendment and the comment in the Table of Changes support the Agency's interpretation of the regulation in effect on September 25 1988. Furthermore, Poores has not shown that the Agency's interpretation was unreasonable or in contravention of any statute.
 
 
 6
 Poores argues that she was not in fact hired as a direct hire employee, and that the Board erred in failing to consider supporting evidence which she obtained after the AJ's initial decision. After two fruitless requests for specific information during discovery (and after the AJ's favorable decision), she filed a Freedom of Information Act (FOIA) request with OPM and obtained a computerized record known as a "Central Personnel Data File" or "CPDF" which contained the data to be entered on her SF-50. It listed the second appointment as a lateral "transfer." The Board refused to consider the new evidence, noting that Poores had failed to show why the FOIA information had not been requested and obtained before the record closed. The Board also indicated that the new evidence was not "material" as the regulation cited in the CPDF supporting the entry of the term "transfer" applied to interagency transfers and thus was obviously inapposite. Our review of the record convinces us that if that information had been introduced it would not have altered the outcome of the case.
 
 
 7
 On appeal, Poores again presents the CPDF evidence and again alleges that she was appointed to the second position as a lateral reassignment rather than as a direct hire. However, Poores' evidence proves at most that there is conflicting information recorded in the SF-50s. We have held that an erroneous notation on an initial SF-50 may be corrected by an Agency at a later date, even when that alteration changes the employee's probationary status and that employee is later terminated as a probationer. Grigsby v. Dept. of Commerce, 729 F.2d 772, 775-776 (Fed.Cir.1984). Since "the SF-50 is not a legally operative document controlling on its face an employee's status and rights," Grigsby, 729 F.2d at 776, the information from the CPDF alone is not sufficient to establish that Poores was a lateral transfer rather than a direct hire subject to a new probationary period. Further, we note that the SF-50 was expeditiously corrected on October 6, 1988 to reflect that Poores was a direct hire and that the hiring supervisor testified that he initially hired Poores as a direct hire, not as a transfer.
 
 
 8
 In the alternative, Poores alleges that even if she were hired as a direct hire, she justifiably believed that she was not a probationer and that the Government is estopped from proving that the original appointment forms were in error. Grigsby supports this general proposition: "While we hold that the SF-50 is not legally binding, we note that the Government may not be free in all circumstances to elude the effects of its own errors." Grigsby, 729 F.2d at 776. Nonetheless, Poores' argument founders on the fact that what she relied upon was a lack of information from the Agency. She was not provided with an incorrect SF-50, as was the employee in Grigsby. Although she points to a "Form 1790" (Request for Character or Security Investigation) which bears a check mark in the "No probationary period involved" box, she does not allege awareness of this document prior to her termination. Nor does she allege that any Agency representative made incorrect oral representations regarding her probationary status. Her allegation that she was told she was "hired via the internal announcement" does not negate the Agency's use of its direct hire authority. Whereas her misunderstanding is understandable, it is not actionable.
 
 
 9
 The legal standard by which the Federal Circuit reviews decisions of the MSPB is that the decision must be affirmed unless it is found to be:
 
 
 10
 1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law;
 
 
 11
 2) obtained without procedures required by law, rule or regulation having been followed; or
 
 
 12
 3) unsupported by substantial evidence.
 
 
 13
 See 5 U.S.C. § 7703. We find no abuse of discretion in the Board's exclusion of the FOIA information. We further find that the Board's conclusion that Poores was a probationary employee was supported by substantial evidence. Accordingly, we affirm.