**Ephraim U. ETOKITIOT, Petitioner,**

v.

**MERIT SYSTEMS PROTECTION BOARD, Respondent.**

No. 03–3014.

United States Court of Appeals, Federal Circuit.

DECIDED: May 13, 2003.

Before LOURIE, LINN, and PROST, Circuit Judges.

---

## DECISION

### PER CURIAM.

Petitioner, Ephraim U. Etokitiot, seeks review of a decision of the Merit Systems Protection Board ("the Board"), No. DC–0752–01–0591–I–1, 92 M.S.P.R. 226, 2002 WL 1732645 (Jan. 29, 2001), dismissing his appeal for lack of jurisdiction. The Board held that petitioner was not an "employee" as defined in 5 U.S.C. § 7511(a)(1)(C), and that he therefore had no right to appeal an adverse personnel action to the Board. Because the Board correctly held that petitioner was not an "employee" for purposes of appeal, we *affirm*.

## DISCUSSION

### I

This appeal arises from a decision of the Equal Employment Opportunity Commission ("the agency") to remove petitioner as of September 14, 2000, from his position as an Equal Opportunity Assistant, GS–7, in the Office of Federal Operations. Petitioner's employment by the agency began in December 1998, following two administrative complaints brought by petitioner against the agency regarding its hiring practices. Those complaints were resolved in a mediated settlement agreement. Pursuant to that agreement and under the authority of 5 C.F.R. § 213.3102(u), the agency gave petitioner a temporary excepted service appointment, effective December 7, 1998, with a not to exceed date of September 26, 1999. That action was reflected in a Notification of Personnel Action, Standard Form 50–B.

On September 27, 1999, the agency converted petitioner's temporary appointment to a conditional excepted service appointment in the same position under 5 C.F.R. § 213.3102(u). The agency issued a second SF–50, which indicated that the "appointment is subject to completion of [a] one-year trial period beginning 12–07–98." The SF–50 also indicated that petitioner's service toward permanent tenure would begin on September 27, 1999.

Effective September 14, 2000, the agency removed petitioner from his position. Petitioner filed a petition for appeal with the Board on October 21, 2000. The agency argued to the Board that petitioner was not an "employee" under 5 U.S.C. § 7511(a)(1) and he therefore had no right to appeal to the Board. In an initial decision, an administrative judge agreed with the agency and dismissed the appeal for lack of jurisdiction. Petitioner filed a petition for review with the entire Board. The

Board denied the petition, and the decision became final on July 25, 2002. Petitioner timely appealed to this court, and we have jurisdiction under 28 U.S.C. § 1295(a)(9).

## II

The issue before this court is whether the Board had jurisdiction to hear petitioner's appeal. Standing to appeal to the Board is limited to "an employee against whom an action is taken under this section." 5 U.S.C. § 7513(d) (2000). Thus, for the Board to find jurisdiction to hear his appeal, petitioner must show that he was an "employee" within the meaning of 5 U.S.C. § 7511(a)(1). For individuals such as petitioner in the excepted service, the relevant statute provides:

(1) "employee" means—

    \*     \*     \*     \*     \*     \*

(C) an individual in the excepted service (other than a preference eligible)—

(i) who is not serving a probationary or trial period under an initial appointment pending conversion to the competitive service; or

(ii) who has completed 2 years of current continuous service in the same or similar positions in an Executive agency under other than a temporary appointment limited to 2 years or less.

5 U.S.C. § 7511(a)(1)(C) (2000). Because petitioner completed less than two years of current continuous service when he was removed from his position by the agency, he does not qualify as an employee under § 7511(a)(1)(C)(ii). Petitioner argues that he qualifies as an employee under § 7511(a)(1)(C)(i). Specifically, he argues that at the time of his removal, he was not serving a probationary or trial period under an *initial appointment* pending conversion to the competitive service. We disagree.

Petitioner joined the agency under the authority of 5 C.F.R. § 213.3102(u), which is one of many excepted service positions listed in Schedule A and specifically provides:

(u) Positions when filled by severely physically handicapped persons who: (1) Under a temporary appointment have demonstrated their ability to perform the duties satisfactorily; or (2) have been certified by counselors of State vocational rehabilitation agencies or the Veterans Administration as likely to succeed in the performance of the duties. Upon completion of 2 years of satisfactory service under this authority, the employee may qualify for conversion to competitive status under the provisions of Executive Order 12125 and implementing regulations issued by the Office.

5 C.F.R. § 213.3102(u) (1998). Under that regulation, an employee may qualify for conversion to competitive status only after completion of two years of service. The Office of Personnel Management has determined that these types of appointments are served under a probationary or trial period. *See* 57 Fed. Reg. 20041 (1992); 58 Fed. Reg. 13191 (1993); *see also Van Wersch v. Dep't of Health & Human Servs.*, 197 F.3d 1144, 1146 (Fed.Cir.1999). Thus, an individual's initial appointment as an excepted service appointee under 5 C.F.R. § 213.3102(u) becomes final and is subject to conversion to the competitive service only after the individual has served two years of satisfactory service.

Petitioner here served both his temporary excepted service and his converted conditional excepted service continuously under the authority of the above regulation. Because the temporary appointment that began on December 7, 1998 was not to exceed September 26, 1999 (less than two years), completion of the temporary period would not make petitioner eligible for conversion to competitive status under the regulation authorizing that appointment. The second SF–50 issued under the same authority served as a continua-

tion of petitioner's two-year period to perform satisfactorily for the possible conversion to competitive status.[1] At the time the agency issued the second SF–50, petitioner was not beginning a second appointment. Rather, he was still "serving a probationary or trial period under an *initial appointment pending conversion to the competitive service*." As a probationary appointee serving an initial appointment, petitioner-under section 7511(a)(1)(C)(i)-did not have the right to appeal his personnel matter to the Board.

Because the Board properly concluded that petitioner was not an employee under either subsection of section 7511(a)(1)(C), it lacked jurisdiction to hear petitioner's appeal. Accordingly, we affirm the Board's dismissal.

---

1. While the second SF–50 incorrectly indicated that the "appointment is subject to completion of [a] one-year trial period," rather than the correct period of two years under the controlling regulation, it is well settled that an "SF–50 is not a legally operative document controlling on its face an employee's status and rights." *Grigsby v. Dep't of Commerce,* 729 F.2d 772, 776 (Fed.Cir.1984). It is the true nature of the appointment that governs, not the SF–50.