**William M. FREEMAN, Petitioner,**

v.

**DEPARTMENT OF THE AIR FORCE, Respondent.**

No. 03–3245.

United States Court of Appeals, Federal Circuit.

DECIDED: March 4, 2004.

Lisa B. Donis, Principal Attorney, John S. Groat, Bryant G. Snee, David M. Cohen, of Counsel, Washington, DC, for Respondent.

William M. Freeman, of Counsel, Smithton, IL, pro se.

Before MAYER, Chief Judge, LOURIE and LINN, Circuit Judges.

PER CURIAM.

William M. Freeman seeks review of the decision of the Merit Systems Protection Board ("board") affirming the decision of the Department of the Air Force ("agency") denying his request for law enforcement officer benefits under 5 U.S.C. § 8336(c) as untimely filed. *Freeman v. Dep't of the Air Force,* No. DC0831020614–I–1, 95 M.S.P.R. 294, 2003 WL 22247593 (M.S.P.B. July 1, 2003). Because Freeman's delay in filing is excusable under the circumstances, we *reverse* and *remand.*

We affirm a decision of the board unless it is found to be "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c) (2000).

There is no question that Freeman's request for credit for past service was untimely filed. The only issue is whether the board's determination that Freeman was not "prevented by circumstances beyond his ... control from making the request within the time limit" was based on substantial evidence. 5 C.F.R. § 831.906(f) (2004).

Whether Freeman's late filing is excused by circumstances beyond his control

turns on whether he was on "constructive notice" of the existence of the retirement benefits system and of the necessity to file an application for credit for his prior years of employment. *See Stearn v. Dep't of Navy,* 280 F.3d 1376, 1384–85 (Fed.Cir. 2002). The board determined that Freeman received sufficient notice of both the existence of the retirement benefits system and the necessity to apply for credit for his prior years of employment because the agency attempted to provide Freeman with written notice informing him of the Firefighter and Law Enforcement Retirement ("FLER") regulations and because "the agency contacted [Freeman] by phone regarding the FLER regulations and asked him if he wanted to certify past positions under FLER."

This evidence supports the conclusion that Freeman knew of the existence of the retirement benefits system. The same cannot be said about whether Freeman had sufficient notice that he was required to apply for credit for his prior period of employment. For years, Freeman believed he was already covered by the retirement benefits system because official documents provided by the agency—namely, SF–50 forms—showed as much. From 1982 until at least 2001, these forms continually misled him to believe that he had no need to apply for coverage because he was already enrolled in the system. The board found this insufficient to excuse his untimely filing, stating that given the notice Freeman received concerning the existence of the FLER regulations, the erroneous SF–50 forms "did not relieve him of the responsibility to find out on his own whether he was required" to apply for credit. We disagree.

In *Grigsby v. U.S. Department of Commerce,* 729 F.2d 772, 775 (Fed.Cir.1984), we stated that a "court may consider the SF–50 form in determining an employee's status." If a court may consider an SF–50 form in making factual determinations, an appellant may rely on such information as well. Additionally, the agency itself was responsible for the misinformation on the forms, if misinformation it is, and an agency "may not be free in all circumstances to elude the effects of its own errors." *Id.* at 776. Finally, the record shows that, as part of the law enforcement officer retirement benefits system, Freeman had been subject to an additional ½ percent deduction from his income since 1982. Under these circumstances, Freeman could reasonably believe whatever guidance proffered by the agency regarding FLER regulations did not apply to him. Therefore, Freeman's delay in filing is excusable.