# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

IDA VERNETT SHELLEY,
                    Appellant,

                    v.

DEPARTMENT OF DEFENSE,
                    Agency.

DOCKET NUMBER
AT-0752-15-0377-I-1

DATE: March 18, 2016

## THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Ida Vernett Shelley</u>, Stockbridge, Georgia, pro se.

<u>James J. Delduco</u>, Esquire, Redstone Arsenal, Alabama, for the agency.

### BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

### FINAL ORDER

¶1    The agency has filed a petition for review of the initial decision, which reversed the appellant's indefinite suspension on harmful error grounds. For the reasons discussed below, we GRANT the agency's petition for review and REVERSE the initial decision. The indefinite suspension is AFFIRMED.

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

¶2   The following facts are undisputed.  The appellant is an NH-IV Program Analyst for the agency's Missile Defense Agency (MDA).  Initial Appeal File (IAF), Tab 1 at 10.  A requirement of the appellant's position is that she hold a security clearance.  IAF, Tab 21 at 47, Tab 22 at 1.  On or about October 21, 2013, the agency suspended the appellant's access to classified information, barred her from MDA property, and placed her on administrative leave.  IAF, Tab 4 at 26-28.  After affording the appellant notice and an opportunity to respond, the agency indefinitely suspended her effective December 9, 2013, based on the "suspension of [her] access to classified information and MDA facilities." *Id*. at 19-25.

¶3   The appellant filed a formal equal employment opportunity complaint and, after the agency returned a finding of no discrimination, she filed a Board appeal. IAF, Tabs 1, 26.  After a hearing, the administrative judge issued an initial decision reversing the indefinite suspension on harmful error grounds.  IAF, Tab 28, Initial Decision (ID).  Specifically, she found that, prior to taking an adverse action against the appellant based on a suspension of access to classified information, the agency was required to follow its regulatory "unfavorable administrative action procedures" set forth in 32 C.F.R. § 154.56, but failed to do so.[2] ID at 3-4.

¶4   The agency has filed a petition for review, arguing that the initial decision should be reversed under *Rogers v. Department of Defense*, 122 M.S.P.R. 671 (2015), which the Board issued shortly after the initial decision in this appeal and

---

[2] The appellant raised discrimination and whistleblower reprisal defenses, but the administrative judge correctly found that the Board lacks jurisdiction to consider such claims in the context of an appeal in which the underlying adverse action is based on a loss of access to classified information.  IAF, Tab 6 at 24-27, 30, Tab 22 at 1-2; *see Doe v. Department of Justice*, 118 M.S.P.R. 434, ¶ 39 (2012); *Helms v. Department of the Army*, 114 M.S.P.R. 447, ¶ 9 (2010).  The appellant also argued that the agency violated her due process rights.  IAF, Tab 6 at 28-29.  The administrative judge found that the appellant failed to prove this claim, ID at 4-5, and the appellant has not challenged that finding on review.

which held that a suspension of access to classified information is not an unfavorable administrative action under the agency's regulations. Thus, the agency argued that it may take an adverse action based on a suspension of access to classified information without first affording the employee the unfavorable administrative action procedures under 32 C.F.R. § 154.56. Petition for Review (PFR) File, Tab 1. The appellant has filed a response, and the agency has filed a reply.[3] PFR File, Tabs 3-4.

¶5      For the reasons explained in the petition for review, we agree with the agency that *Rogers* is the controlling law and that we must reverse the initial decision and uphold the indefinite suspension. PFR File, Tab 1. In *Rogers*, which was issued after the administrative judge issued the initial decision in this appeal but before the initial decision became final, the Board found that the agency is only required to apply the unfavorable administrative action procedures of 32 C.F.R. § 154.56(b) when an individual has been affected by an unfavorable administrative action.[4]   122 M.S.P.R. 671, ¶ 8. The Board further found that an unfavorable administrative action is an adverse action based on a "personnel security determination." *Rogers*, 122 M.S.P.R. 671, ¶ 9; *see* 32 C.F.R. § 154.3(bb). However, a suspension of access to classified information is not an "unfavorable personnel security determination" within the meaning of the agency's regulations. *Rogers*, 122 M.S.P.R. 671, ¶¶ 11-13; *see* 32 C.F.R. § 154.3(cc). Therefore, an adverse action based on a suspension of access to

---

[3] The appellant has filed a motion for leave to file an additional pleading in response to the agency's reply. PFR File, Tab 6. She argues that this pleading is necessary to address several misrepresentations in the agency's reply. *Id*. at 4-5. We find, however, that even if the agency's reply contains errors or misrepresentations as the appellant claims, she has not shown that any of these are material to the outcome of the appeal. The appellant's motion therefore is denied.

[4] For some reason, the agency maintains parallel sets of very similar, but not completely identical, regulations governing its personnel security program—32 C.F.R. part 154, and Department of Defense (DOD) regulation 5200.2-R. The Board in *Rogers* cited to DOD 5200.2-R, but for purposes of this appeal we will cite to 32 C.F.R. part 154, the applicable provisions of which are materially identical to those in DOD 5200.2-R.

classified information is not an unfavorable administrative action, and the agency's unfavorable administrative action procedures do not apply. *Rogers*, 122 M.S.P.R. 671, ¶ 13. As in *Rogers*, we find that the indefinite suspension underlying the instant appeal was based on the suspension of the appellant's access to classified information, and therefore was not an unfavorable administrative action for which the agency was required to apply the procedures at 32 C.F.R. § 154.56(b). *See id*. We therefore find that the appellant failed to establish that the agency committed procedural error, and that she did not prove her harmful procedural error defense. *See id*.

¶6        In her response to the petition for review, the appellant argues that the Standard Form (SF) 50 documenting her indefinite suspension indicates that it was based on her security clearance being revoked—not suspended. PFR File, Tab 3 at 7. We have reviewed the SF-50 documenting the appellant's indefinite suspension, and we find that it says nothing about a security clearance revocation; rather, consistent with the agency's notice and decision letters, it indicates that the indefinite suspension was due to suspension of the appellant's security clearance and access to MDA facilities. IAF, Tab 4 at 19-20, 23; Tab 21 at 42. Moreover, we find that, to the extent that the SF-50 and the notice and decision letters are inconsistent, the latter controls. *See Grigsby v. Department of Commerce*, 729 F.2d 772, 776 (Fed. Cir. 1984) (explaining that an SF-50 is not a legally operative document controlling on its face an employee's status and rights).

¶7        The appellant also argues that, during the interim relief period, the agency placed her in a position that did not require access to classified information even though it asserted below that no such positions were available. PFR File, Tab 3 at 11-12. It appears to us that the appellant is challenging the agency's penalty determination. However, in the absence of an agency policy of reassigning employees who have lost access to classified information, the Board is not authorized to inquire into the feasibility of reassignment to an alternative

position.  *Griffin v. Defense Mapping Agency*, 864 F.2d 1579, 1581 (Fed. Cir. 1989).

¶8        The remainder of the appellant's arguments on review appear to go to the merits of the agency's decision to deny her access to classified information.  PFR File, Tab 3.  It is well settled that, in an appeal under 5 U.S.C. § 7513 based on an agency determination regarding access to classified information, the Board lacks the authority to review the substance of the underlying access determination. *Department of the Navy v. Egan*, 484 U.S. 518, 530-31 (1988); *Jones v. Department of the Navy*, 48 M.S.P.R. 680, 690, *aff'd as modified on recons.*, 51 M.S.P.R. 607 (1991), *aff'd*, 978 F.2d 1223 (Fed. Cir. 1992).

¶9        An agency may indefinitely suspend an employee when her access to classified information has been suspended and she needs such access to perform her job.  *Gonzalez v. Department of Homeland Security*, 114 M.S.P.R. 318, ¶ 13 (2010).  The appellant stipulated to both of these facts below.  IAF, Tab 22 at 1. As explained above, the appellant did not prove her affirmative defenses, and there is no basis for the Board to mitigate the penalty.  *Supra* ¶¶ 3 n.2, 5, 7. Accordingly, the indefinite suspension is affirmed.

### NOTICE TO THE APPELLANT REGARDING
### YOUR FURTHER REVIEW RIGHTS[5]

You have the right to request further review of this final decision.  There are several options for further review set forth in the paragraphs below.  You may choose only one of these options, and once you elect to pursue one of the avenues of review set forth below, you may be precluded from pursuing any other avenue of review.

---

[5] The administrative judge did not afford the appellant notice of appeals rights under the Whistleblower Protection Enhancement Act of 2012 or notice of her mixed-case right to appeal her discrimination claims to the Equal Employment Opportunity Commission and/or the United States District Court. We notify the appellant of her proper appeal rights in this Final Order.  *See Grimes v. U.S. Postal Service*, 39 M.S.P.R. 183, 186-87 (1988).

Discrimination Claims:  Administrative Review

You may request review of this final decision on your discrimination claims by the Equal Employment Opportunity Commission (EEOC).  *See* title 5 of the U.S. Code, section 7702(b)(1) (5 U.S.C. § 7702(b)(1)).  If you submit your request by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit your request via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, NE
Suite 5SW12G
Washington, D.C. 20507

You should send your request to EEOC no later than 30 calendar days after your receipt of this order. If you have a representative in this case, and your representative receives this order before you do, then you must file with EEOC no later than 30 calendar days after receipt by your representative.  If you choose to file, be very careful to file on time.

Discrimination and Other Claims:  Judicial Action

If you do not request EEOC to review this final decision on your discrimination claims, you may file a civil action against the agency on both your discrimination claims and your other claims in an appropriate U.S. district court. *See* 5 U.S.C. § 7703(b)(2).  You must file your civil action with the district court no later than 30 calendar days after your receipt of this order.  If you have a representative in this case, and your representative receives this order before you do, then you must file with the district court no later than 30 calendar days after receipt by your representative.  If you choose to file, be very careful to file on time.  If the action involves a claim of discrimination based on race, color,

religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Other Claims:  Judicial Review

If you want to request review of the Board's decision concerning your claims of prohibited personnel practices described in 5 U.S.C. § 2302(b)(8), (b)(9)(A)(i), (b)(9)(B), (b)(9)(C), or (b)(9)(D), but you do not want to challenge the Board's disposition of any other claims of prohibited personnel practices, you may request the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction to review this final decision.  The court of appeals must receive your petition for review within 60 days after the date of this order.  *See* 5 U.S.C. § 7703(b)(1)(B) (as rev. eff. Dec. 27, 2012).  If you choose to file, be very careful to file on time.

If you need further information about your right to appeal this decision to court, you should refer to the Federal law that gives you this right.  It is found in title 5 of the U.S. Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012).  You may read this law as well as other sections of the U.S. Code, at our website, http://www.mspb.gov/appeals/uscode/htm.  Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.  Additional information about other courts of appeals can be found at their respective websites, which can be accessed through the link below:
http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

If you are interested in securing pro bono representation for your appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation

for Merit Systems Protection Board appellants before the Federal Circuit.  The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:                    _____
                                  William D. Spencer
                                  Clerk of the Board

Washington, D.C.