**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

BRENDA HARPER,
                    Appellant,

            v.

DEPARTMENT OF THE ARMY,
                    Agency.

DOCKET NUMBER
CH-315H-21-0395-I-1

DATE: September 14, 2022

# THIS ORDER IS NONPRECEDENTIAL[1]

Brenda Harper, Clarksville, Tennessee, pro se.

Katherine E. Griffis, Esquire, Fort Campbell, Kentucky, for the agency.

## BEFORE

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member
Tristan L. Leavitt, Member

## REMAND ORDER

The appellant has filed a petition for review of the initial decision, which dismissed her appeal of an agency action separating her from Federal service as moot. For the reasons discussed below, we GRANT the petition for review,

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

VACATE the initial decision, and REMAND the case to the Central Regional Office for further adjudication in accordance with this Remand Order.

## BACKGROUND

¶2    On May 26, 2020, the appellant was appointed to the position of Medical Support Assistant with the agency. Initial Appeal File (IAF), Tab 5 at 14. As a preference eligible in the excepted service, *see id.*, she was required to complete 1 year of service to meet the statutory definition of an "employee," *see* 5 U.S.C. § 7511(a)(1)(B)(i). On July 16, 2021, the agency issued the appellant a "Notice of Termination during Probationary Period," asserting that it was terminating her during her probationary period for unsatisfactory performance or conduct. IAF, Tab 5 at 30-35. The agency also issued the appellant a Standard Form 50 (SF-50), reflecting that, effective July 16, 2021, the appellant was terminated during her probationary period. IAF, Tab 1 at 36.

¶3    Thereafter, the appellant appealed the action to the Board. IAF, Tab 1. During her appeal, she claimed that the agency's July 16, 2021 action was due to discrimination on the basis of disability and age. IAF, Tab 25. Also, while the appeal was pending before the administrative judge, the agency rescinded the termination action, took steps to return the appellant to a position at the same grade and level of pay as the position she held prior to the separation action, restored her leave and other benefits, and provided her with all applicable back pay. IAF, Tab 10, Tab 23 at 16, Tab 36 at 4-5. Thereafter, the administrative judge issued a notice of intent to dismiss the appeal as moot, providing the appellant with an opportunity to object or to express opposition to a dismissal. IAF, Tab 37. The appellant did not respond to the notice.

¶4    On December 1, 2021, the administrative judge issued an initial decision dismissing the appeal as moot. IAF, Tab 38, Initial Decision (ID) at 1. Specifically, she reiterated the steps taken by the agency to restore the appellant to the status quo ante prior to the July 16, 2021 separation, ID at 2-3, reasoning that, because the agency completely rescinded the action after the appeal was

filed, the appeal was rendered moot, thereby divesting the Board of jurisdiction, ID at 2. Because she determined that the Board lacked jurisdiction over the appeal, she concluded that the appellant's discrimination claims would be "returned to the agency for processing as a nonmixed discrimination complaint." ID at 4 n.1.

¶5 The appellant has filed a petition for review of the initial decision, requesting that the Board hear her discrimination claims. Petition for Review (PFR) File, Tab 1 at 4-10. The agency has not responded to the appellant's petition for review.[2]

## DISCUSSION OF ARGUMENTS ON REVIEW

The agency's separation action against the appellant is a removal under 5 U.S.C. § 7701, and not a probationary termination.

¶6 As explained above, the agency issued the appellant a Notice of Termination during Probationary Period and an SF-50 reflecting a termination during a probationary or trial period. IAF, Tab 1 at 34, Tab 5 at 30-35. However, the appellant's appointment began on May 26, 2020, and under 5 U.S.C. § 7511(a)(1)(B)(i), she met the statutory definition of an employee after 1 year of service. IAF, Tab 5 at 14. Thus, the agency's separation action, effective July 16, 2021, was taken after the appellant became an employee. IAF, Tab 1 at 34. Because, at the time of the separation action, the appellant was a preference eligible in an excepted-service position who had completed 1 year of current continuous service in the same or similar position in an Executive agency, she was an "employee" and thus had Board appeal rights.[3] *See* IAF, Tab 1 at 34,

---

[2] The appellant has also filed a motion for leave to submit additional information or documentation. PFR File, Tab 3. Because the parties will have an opportunity to further develop the record on remand, we find it unnecessary to rule on the appellant's motion for leave.

[3] The agency's characterization of the appellant's separation as a probationary termination does not control the appellant's legal status. *See Grigsby v. Department of Commerce*, 729 F.2d 772, 774-76 (Fed. Cir. 1984) (explaining that an SF-50 does not

Tab 5 at 14; 5 U.S.C. § 7511(a)(1)(B)(i). Thus, we find that the Board has jurisdiction over her removal. 5 U.S.C. §§ 7512(1), 7513(d).

The agency's rescission of the appellant's removal does not render the appeal moot.

¶7    As noted above, the administrative judge concluded that, because the agency rescinded the removal action, the appeal was rendered moot. ID at 2-3. However, an appeal of an action over which the Board has jurisdiction, such as the removal action at issue here, is not moot even when the agency effects a complete rescission of the action as long as there is some possible, effectual relief that could be granted to the appellant. *See, e.g.*, *Lamberson v. Department of Veterans Affairs*, 80 M.S.P.R. 648, ¶¶ 12-14, 36 (1999) (finding that, because the Board initially had jurisdiction over the appeal of the removal action, the agency's post-appeal rescission of that action did not render the appeal moot and the Board retained jurisdiction to adjudicate the appellant's claims of discrimination and retaliation). Specifically, in *Hess v. U.S. Postal Service*, 124 M.S.P.R. 40, ¶ 8 (2016), the Board recognized that an appellant's claims of discrimination may result in compensatory damages, and an appeal in which such claims are raised is not rendered moot by an agency's rescission or cancellation of an adverse action. Thus, although the agency rescinded the removal action, the appellant nonetheless had outstanding discrimination claims at issue in her appeal. Accordingly, we find that the appeal is not moot and that the administrative judge must address the appellant's discrimination claims on remand. *See Hess*, 124 M.S.P.R. 40, ¶ 8; *Lamberson*, 80 M.S.P.R. 648, ¶¶ 12-14, 36.

control an employee's legal status). Rather, the statutory language of 5 U.S.C. § 7511(a)(1)(B)(i) controls her legal status.

**ORDER**

¶8      For the reasons discussed above, we remand this case to the Central Regional Office for further adjudication in accordance with this Remand Order. On remand, the administrative judge shall hold the appellant's requested hearing but may limit the subject matter to issues deemed relevant on remand.  IAF, Tab 1 at 2.


FOR THE BOARD:                              /s/ for
                                   _____
                                   Jennifer Everling
                                   Acting Clerk of the Board
Washington, D.C.