**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

RICK WHITMIRE,
        Appellant,

    v.

DEPARTMENT OF THE NAVY,
        Agency.

DOCKET NUMBER
SF-0752-19-0524-I-1

DATE: June 27, 2024

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Justin Prato, Esquire, San Diego, California, for the appellant.

Harold G. Murray, and Jennifer Eggers, San Diego, California, for the
    agency.

**BEFORE**

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman
Henry J. Kerner, Member*

*Member Kerner did not participate in the adjudication of this appeal.

**FINAL ORDER**

The appellant has filed a petition for review of the initial decision, which
sustained his removal from Federal service for failure to meet a condition of
employment. On petition for review, the appellant argues that the administrative
judge should have applied a different standard when assessing whether his

---

[1] A nonprecedential order is one that the Board has determined does not add
significantly to the body of MSPB case law. Parties may cite nonprecedential orders,
but such orders have no precedential value; the Board and administrative judges are not
required to follow or distinguish them in any future decisions. In contrast, a
precedential decision issued as an Opinion and Order has been identified by the Board
as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

removal promoted the efficiency of the service. Petition for Review (PFR) File, Tab 1 at 5. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

The administrative judge found that the agency proved its charge of failure to meet a condition of employment due to the appellant's failure to obtain and maintain a commercial driver's license (CDL), that the appellant failed to establish his affirmative defense of reprisal, and that, in removing the appellant from his position as a Materials Handling Inspector, the deciding official considered all the relevant factors and exercised his discretion within the tolerable limits of reasonableness. Initial Appeal File (IAF), Tab 16, Initial Decision (ID) at 6-14. The appellant does not challenge these findings on review, and we discern no error in the administrative judge's findings on these issues.

We also agree with his conclusion that the agency proved that the appellant's removal promotes the efficiency of the service. ID at 12. On review, the appellant argues that the administrative judge failed to consider this requirement under the standard set forth in *Vidal v. U.S. Postal Service*, 79 M.S.P.R. 126, ¶ 4 (1998), which requires an agency to show that, when it

removes an employee from a job he is skilled in, places him in a job he cannot handle, and then removes him from employment, there was a legitimate management reason for the reassignment and that removal from that position promoted the efficiency of the service more than would his retention in or return to his former position.[2]  PFR File, Tab 1 at 5-6.

We have reviewed the record below, and it does not appear that the appellant asserted to the administrative judge that the standard set forth in *Vidal* should be applied here.  IAF, Tabs 1, 9.  The Board generally will not consider an argument raised for the first time on review absent a showing that it is based on new and material evidence that was not previously available despite the party's due diligence.  *Clay v. Department of the Army*, 123 M.S.P.R. 245, ¶ 6 (2016).  The appellant has not asserted that this specific argument is based on new and material evidence, nor has he explained why he could not raise it below.  PFR File, Tab 1 at 5-6.  However, even in consideration of this argument, *see e.g.*, *Fiacco v. Office of Personnel Management*, 105 M.S.P.R. 193, ¶ 18 (2007) (examining a newly raised argument on review when the particular circumstances of the case warrant such an examination), we nonetheless find it does not provide a basis to disturb the initial decision.

The cases that the appellant cites to support the application of the standard set forth in *Vidal* are clear cases of employees being reassigned or promoted from one position to another.  *See Vidal*, 79 M.S.P.R. 126, ¶ 2; *Majors v. U.S. Postal Service*, 3 M.S.P.R. 146, 147 (1980).  Here, although the agency referred to the appellant's change in position description to account for the requirement that he

_____

[2] The agency's response to the appellant's petition for review appears to be untimely filed by 11 days.  PFR File, Tab 3 at 4.  Included with its response is a request for leave to file the response, wherein the agency notes that its late submission was caused by "logistical and connectivity problems caused by [t]he COVID-19 Virus."  *Id.*  We do not address the timeliness of the agency's response to the appellant's petition for review because we otherwise deny the appellant's petition for review.  *Cf. Canoles v. Department of the Air Force*, 50 M.S.P.R. 374, 376 n. (1991) (finding that the Board need not address the timeliness of the agency's response to a petition for review when it dismisses the petition as untimely filed), *aff'd*, 972 F.2d 1354 (Fed. Cir. 1992) (Table).

obtain a CDL as a "reassignment," IAF, Tab 4 at 65, the facts do not support a finding that the appellant was reassigned or promoted from one position to another; rather, the position to which the appellant was assigned itself changed through the addition of a new requirement, and the agency simply reissued a new position description implementing that change and labeled it a reassignment. *See Grigsby v. Department of Commerce*, 729 F.2d 772, 776 (Fed. Cir. 1984) (holding that a Standard Form 50 is not a legally operative document that controls on its face an employee's status). For example, the new position description form issued by the agency indicated that it was implementing a "redescription." IAF, Tab 4 at 69. In a letter to the appellant explaining this "redescription," the agency stated that his position description included "changes" related to the CDL requirement. *Id.* at 68. Additionally, in an email to the appellant's union representative explaining the change, a human resources specialist explained that the applicable agency employees would have an "updated position" with "[p]osition description changes" related to the CDL requirement. *Id.* at 40. Moreover, the appellant has not asserted that any other aspect of his position changed, apart from the CDL requirement, nor is there any evidence in the record that, like the prior positions in *Vidal* and *Majors*, his prior position without the new CDL requirement still existed after his "reassignment."

Accordingly, we find that the facts in this case are not similar enough to the facts presented in *Vidal* and *Majors* to warrant application of the efficiency of the service standard set forth in those cases. *See, e.g.*, *Lopez v. Department of the Navy*, 108 M.S.P.R. 384, ¶¶ 27-28 (2008) (declining to apply the standard set forth in *Vidal* and *Majors* when the facts are not sufficiently similar to the facts presented in those cases). As such, we discern no error in the administrative judge's discussion of the efficiency of the service requirement.

## NOTICE OF APPEAL RIGHTS[3]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

---

[3] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any

requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**. This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's

disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[4]   The court of appeals must <u>receive</u> your petition for review within **60 days** of the <u>date of issuance</u> of this decision.   5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

---

[4]  The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:

*Gina K. Grippando*
_____
Gina K. Grippando
Clerk of the Board

Washington, D.C.