**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| RANDY KING,<br>            Appellant, | DOCKET NUMBER<br>AT-315H-17-0383-I-1 |
| v. | |
| DEPARTMENT OF THE AIR FORCE,<br>            Agency. | DATE: May 16, 2022 |

# THIS ORDER IS NONPRECEDENTIAL[1]

Randy King, Glennville, Georgia, pro se.

Gerald L. Gilliard, Esquire, Joint Base Andrews, Maryland, for the agency.

## BEFORE

Raymond A. Limon, Vice Chair
Tristan L. Leavitt, Member

## REMAND ORDER

¶1      The appellant has filed a petition for review of the initial decision, which dismissed his termination appeal for lack of jurisdiction. For the reasons discussed below, we GRANT the appellant's petition for review, VACATE the initial decision, and REMAND the case to the regional office for further adjudication in accordance with this Remand Order.

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

## BACKGROUND

¶2    Effective March 7, 2016, the agency appointed the appellant to an Equal Employment Manager position in the competitive service. Initial Appeal File (IAF), Tab 5 at 43-44. The Standard Form 50 (SF-50) documenting the appellant's appointment characterizes the action as "Reinstatement Career" and cites reinstatement authority under 5 C.F.R. § 315.401. *Id.* The SF-50 also indicates that his appointment was subject to the completion of a 1-year initial probationary period beginning on March 7, 2016. *Id.* at 43. Effective March 3, 2017, prior to the completion of the 1-year period, the agency terminated the appellant for allegedly failing to demonstrate his fitness or qualifications for continued employment.[2] *Id.* at 20-23, 30-31.

¶3    The appellant appealed his termination to the Board, and he did not request a hearing. IAF, Tab 1 at 1-16. In a Jurisdiction Order, the administrative judge informed the appellant that the Board may not have jurisdiction over his appeal, apprised him of his burden of proving jurisdiction over a probationary termination appeal, and ordered him to file evidence or argument on the jurisdictional issue. IAF, Tab 3. The appellant did not respond.

¶4    Based on the written record, the administrative judge issued an initial decision dismissing the appeal for lack of jurisdiction. IAF, Tab 6, Initial Decision (ID) at 1, 3. Specifically, she found that the appellant did not dispute that he was terminated during a probationary period. ID at 2. She further found that the record reflects that the appellant was not terminated for any preappointment reason, and she noted that he did not raise claims of discrimination based on marital status or partisan politics. ID at 2-3. In addition, the administrative judge stated that, to the extent the appellant is alleging whistleblower reprisal, he first must exhaust his remedies with the Office of

---

[2] The SF-50 documenting the appellant's termination cites the legal authority under 5 C.F.R. § 315.804. IAF, Tab 5 at 20.

Special Counsel before the Board may exercise jurisdiction over any such reprisal claims through an individual right of action appeal.  ID at 3.

¶5      The appellant has filed a petition for review challenging the administrative judge's jurisdictional findings.   Petition for Review (PFR) File, Tab 1. The agency has filed a response, to which the appellant has replied. PFR File, Tabs 3‑4.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶6      The Board's jurisdiction is limited to those matters over which it has been given jurisdiction by law, rule, or regulation.   *Maddox v. Merit Systems Protection Board*, 759 F.2d 9, 10 (Fed. Cir. 1985).  An appellant bears the burden of proving the Board's jurisdiction by preponderant evidence.   5 C.F.R. § 1201.56(b)(2)(i)(A).    Generally, if an appellant makes a nonfrivolous allegation[3] that the Board has jurisdiction over his appeal, he is entitled to a hearing on the jurisdictional question.  *Henderson v. Department of the Treasury*, 114 M.S.P.R. 149, ¶ 8 (2010).

¶7      The Board lacks jurisdiction under 5 U.S.C. chapter 43 over a performance‑based "removal of an employee in the competitive service who is serving a probationary or trial period under an initial appointment or who has not completed 1 year of current continuous employment under other than a temporary appointment limited to 1 year or less."  5 U.S.C. § 4303(f)(2).  To establish Board jurisdiction under 5 U.S.C. chapter 75 over an adverse action, an individual must, among other things, show that he satisfies one of the definitions of "employee" in 5 U.S.C. § 7511(a)(1).  5 U.S.C. § 7513(d); *Walker v. Department of the Army*, 119 M.S.P.R. 391, ¶ 5 (2013).  For an individual in the competitive service, like the appellant, this means that he either must not be serving a probationary or trial period under an initial appointment or, except as provided in section 1599e of

---

[3] A nonfrivolous allegation is an assertion that, if proven, could establish the matter at issue.  5 C.F.R. § 1201.4(s).

title 10,[4] have completed 1 year of current continuous service under other than a temporary appointment limited to 1 year or less. 5 U.S.C. § 7511(a)(1)(A)(i)-(ii); *see Walker*, 119 M.S.P.R. 391, ¶ 5. Under 5 C.F.R. § 315.806, an individual in the competitive service has the limited right to appeal a termination during a probationary period to the Board when the agency action was based on partisan political reasons or marital status, or was based (in whole or part) on preappointment reasons and the agency did not follow the procedures of 5 C.F.R. § 315.805. *See Walker*, 119 M.S.P.R. 391, ¶ 5.

¶8      For the first time on review, the appellant raises a claim of discrimination based on partisan political reasons. PFR File, Tab 1 at 5, Tab 4 at 8. The Board generally will not consider an argument raised for the first time in a petition for review absent a showing that it is based on new and material evidence not previously available despite the party's due diligence. *Banks v. Department of the Air Force*, 4 M.S.P.R. 268, 271 (1980). Here, the appellant asserts that he did not respond to the administrative judge's Jurisdiction Order because he has had problems with the Board's e-Appeal system. PFR File, Tab 1 at 4, Tab 4 at 6. He does not allege that he did not receive the Jurisdiction Order or that he attempted to file a response. We find that the appellant's nonspecific claim of e-Appeal problems is not an adequate reason to consider his new argument. Nevertheless, we find that the appellant has failed to make a nonfrivolous allegation that his termination was based on his affiliation with any political party or candidate. *See Marynowski v. Department of the Navy*, 118 M.S.P.R. 321, ¶ 7

---

[4] Section 1105 of the National Defense Authorization Act for Fiscal Year 2016 (NDAA), Pub. L. No. 114-92, 129 Stat. 726, 1023-24 (enacted on November 25, 2015), amended the definition of "employee" set forth at 5 U.S.C. § 7511(a)(1)(A)(ii) by adding an exception codified at 10 U.S.C. § 1599e. Section 1599e provides, among other things, that individuals appointed to a permanent, competitive-service position at the Department of Defense are subject to a 2-year probationary period and only qualify as an "employee" under 5 U.S.C. § 7511(a)(1)(A)(ii) if they have completed 2 years of current continuous service. 10 U.S.C. § 1599e(a), (b)(1)(A), (d). Here, because the appellant was appointed after the NDAA's enactment, the amended definition of "employee" applies in this appeal.

(2012) (finding that the Board and its reviewing court have held that discrimination based on "partisan political reasons" under 5 C.F.R. § 315.806(b) means discrimination based on affiliation with any political party or candidate).

¶9        In addition, the appellant argues for the first time on review that he was appointed in 2016 by reinstatement with career status, and thus, he was not serving an initial appointment subject to a probationary period when the agency terminated him. PFR File, Tab 1 at 2. He further asserts that he has career tenure because he completed 12 years of continuous service, and he submits an SF-50 documenting his resignation, effective October 1, 1986, from a Contract Specialist position with the Department of the Army in the competitive service.[5] *Id.* at 2-3, 8. He also submits certification of his service in the armed forces and his service-connected disability. *Id.* at 10.

¶10        As discussed above, the appellant has failed to justify why he was unable to raise his new arguments before the administrative judge. Moreover, the appellant has not explained why the proffered evidence supporting his new reinstatement argument was unavailable before the record closed. *See Avansino v. U.S. Postal Service*, 3 M.S.P.R. 211, 214 (1980) (finding that the Board generally will not consider evidence submitted for the first time with the petition for review absent a showing that it was unavailable before the record was closed despite the party's due diligence). However, we find that this jurisdictional issue was apparent on the record as it existed before the administrative judge, in particular the agency's submission of the SF-50 documenting his 2016 appointment. IAF, Tab 5 at 43‑44. The issue of the Board's jurisdiction is always before the Board and may be raised by either party or sua sponte by the Board at any time during a Board proceeding. *Simnitt v. Department of Veterans Affairs*, 113 M.S.P.R. 313, ¶ 5 (2010); *see Stephen v. Department of the Air Force*, 47 M.S.P.R. 672, 678

---

[5] The SF-50 indicates that his service computation date was May 22, 1973. PFR File, Tab 1 at 8.

(1991) (finding that the administrative judge did not err by addressing sua sponte the jurisdictional issue of whether the appellant was a probationary employee). Thus, we will consider the appellant's reinstatement argument. For the following reasons, we find that the appellant has made a nonfrivolous allegation of jurisdiction.

¶11        Pursuant to 5 C.F.R. § 315.401, an agency has the authority to appoint by reinstatement to a competitive-service position an individual who previously was employed under a career or career-conditional appointment.[6] There is no time limit on the reinstatement eligibility of a preference eligible or an individual who completed the service requirement for career tenure. 5 C.F.R. § 315.401(b). Under 5 C.F.R. § 315.801(a)(2), the first year of service of an employee who is given a career or career-conditional appointment in the competitive service is a probationary period when the employee was reinstated under subpart D (5 C.F.R. § 315.401), "unless during any period of service which affords a current basis for reinstatement, the employee completed a probationary period or served with competitive status under an appointment which did not require a probationary period." If an employee's appointment was a reinstatement that meets the criteria of 5 C.F.R. § 315.801(a)(2), then he was not required to complete a probationary period under that section, and thus, he may be an "employee" with adverse-action appeal rights under 5 U.S.C. § 7511(a)(1)(A)(i). *See Abdullah v. Department of the Treasury*, 113 M.S.P.R. 99, ¶¶ 11-14 (2009) (remanding a termination appeal to determine whether the appellant was a statutory employee under 5 U.S.C. § 7511(a)(1)(A)(i) because he was appointed by reinstatement and was not required to complete a probationary period under 5 C.F.R. § 315.801(a)(2)).

---

[6] A "reinstatement" is defined as "the noncompetitive reemployment for service as a career or career-conditional employee of a person formerly employed in the competitive service who had a competitive status or was serving probation when he was separated from the service." 5 C.F.R. § 210.102(b)(15).

¶12          Here, the SF-50 documenting the appellant's 2016 appointment indicates that he was reinstated with career status pursuant to 5 C.F.R. § 315.401. IAF, Tab 5 at 43-44. Although "the SF-50 is not a legally operative document controlling on its face an employee's status and rights," it still can be considered as evidence when determining the nature of an action. *Grigsby v. Department of Commerce*, 729 F.2d 772, 776 (Fed. Cir. 1984). Further, there is nothing in the record before the administrative judge to suggest that there is a time limit on the appellant's reinstatement eligibility. In particular, under 5 C.F.R. § 315.401(b), there is no time limit on his reinstatement eligibility if he is a preference eligible, as indicated on his initial appeal form. IAF, Tab 1 at 1. Thus, we find that the appellant has made a nonfrivolous allegation that he was reinstated pursuant to 5 C.F.R. § 315.401, was not required to complete a probationary period under 5 C.F.R. § 315.801(a)(2), and is an "employee" under 5 U.S.C. § 7511(a)(1)(A)(i).

¶13          Based on the foregoing, we remand this appeal for the administrative judge to allow the parties to address the jurisdictional issues described above. In particular, the administrative judge should afford the parties an opportunity to submit evidence and argument regarding the nature of the appellant's appointment with the agency, what prior appointment(s) served as a basis for his reinstatement, and whether, during the prior appointment(s), he completed a probationary period or was not required to serve one.[7] In addition, the parties should address whether the appellant is an individual covered under 10 U.S.C. § 1599e and what effect, if any, such statutory provision has on the jurisdictional analysis.

¶14          Because we are remanding this appeal for purposes of jurisdiction, we decline to address the appellant's additional arguments and evidence on the merits of his termination, including his claims regarding due process, retaliation,

---

[7] The appellant may resubmit the evidence that he has provided on review regarding his reinstatement argument.

prohibited personnel practices, and damages.  PFR File, Tabs 1, 4.  He may present such arguments and evidence again if, on remand, the administrative judge finds that the Board has jurisdiction over this appeal.

## ORDER

¶15     For the reasons discussed above, we remand this case to the regional office for further adjudication in accordance with this Remand Order.


FOR THE BOARD:                          /s/ for
                                        _____
                                        Jennifer Everling
                                        Acting Clerk of the Board
Washington, D.C.