## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

BRIAN R. NELSON,
              Appellant,

      v.

DEPARTMENT OF THE ARMY,
              Agency.

DOCKET NUMBER
DE-315H-21-0119-I-1

DATE:  April 12, 2024

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Aaron J. Gragg</u>, Fort Huachuca, Arizona, for the appellant.

<u>Richard C. Wolfe</u>, Esquire, Fort Huachuca, Arizona, for the agency.

## BEFORE

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman

## FINAL ORDER

The appellant has filed a petition for review of the initial decision, which dismissed his probationary termination appeal for lack of jurisdiction. On petition for review, the appellant argues that he has new evidence showing that he finished his initial probationary period before the agency terminated him. Generally, we grant petitions such as this one only in the following circumstances:  the initial decision contains erroneous findings of material fact;

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

As noted above, the appellant claims he has new evidence that he received from the agency on or about May 26, 2021, and he asserts that it was not available to him, despite his due diligence, before the close of the record below. Petition for Review File, Tab 2 at 5, 9. He argues that the new evidence, a Standard Form 50 (SF-50) dated April 22, 2020, states that he completed his initial probationary period. *Id.* at 7, 9. However, with its motion to dismiss the appeal filed below, the agency attached a copy of the same document and it explained that the document was issued in error because the appellant had only completed 1 year of the 2-year initial probationary period statutorily required by 10 U.S.C. § 1599e (repealed 2022).[2] Initial Appeal File (IAF), Tab 9 at 4-5, 11.

---

[2] At the time of the appellant's appointment to his position, individuals appointed to a permanent competitive-service position at the Department of Defense (DOD), such as the appellant, were subject to a 2-year probationary period and only qualified as "employees" under 5 U.S.C. § 7511(a)(1)(A)(ii) (2016) if they completed 2 years of current continuous service. 10 U.S.C. § 1599e(a), (b)(1)(A), (d) (2016). As found by the administrative judge, the appellant had not completed 2 years of service at the time of his termination. On December 27, 2021, President Biden signed into law the National Defense Authorization Act for Fiscal Year 2022 (2022 NDAA), Pub. L. No. 117-81, 135 Stat. 1541. The 2022 NDAA repealed the 2-year probationary period for DOD appointments made on or after December 31, 2022, and replaced it with a 1-year probationary period. Pub. L. No. 117-81, § 1106, 135 Stat. 1541, 1950. That

Similarly, the SF-50 for the appellant's April 2019 appointment states that the position is subject to a 2-year initial probationary period, but also states that the appellant will be changed from tenure group 2 to tenure group 1 after he completes a 1-year probationary period. IAF, Tab 4 at 14, Tab 9 at 8. However, the Board has long held that an SF-50 is not a legally operative document controlling on its face as to an employee's status and rights. *Stoute v. Department of the Navy*, 98 M.S.P.R. 409, ¶ 13 (2005) (citing *Grigsby v. Department of Commerce*, 729 F.2d 772, 776 (Fed. Cir. 1984)). Thus, even though the record does not reflect that the agency issued a corrected SF-50 reflecting that the appellant had not completed his initial probationary period, the 2-year initial probationary period here was a statutory requirement under 10 U.S.C. § 1599e (repealed 2022), which the issuance of an erroneous SF-50 does not change. *Id.*

The initial decision indicates that the administrative judge considered this evidence, and that he correctly found that, because the appellant was appointed after November 26, 2015, to a permanent position in the competitive service within the Department of Defense, and had not completed the 2-year initial probationary period required by 10 U.S.C. § 1599e (repealed 2022), he was not an employee with appeal rights under 5 U.S.C. chapter 75. IAF, Tab 17, Initial Decision (ID) at 2.

It is undisputed that the agency appointed the appellant to a position in the competitive service on April 22, 2019, and terminated him less than 2 years later, on January 21, 2021. IAF, Tab 1 at 6-8. Moreover, that appointment was specifically made subject to a statutorily required 2-year initial probationary period beginning on April 22, 2019. *Id.* at 8; *see* 10 U.S.C. § 1599e (repealed 2022). As the administrative judge observed, the appellant did not allege that his termination was based on partisan political reasons or marital status. ID at 7. He also observed that the appellant did not allege that his termination was based on

change does not affect the outcome of this appeal.

reasons arising in whole or in part before his appointment, so the agency was not required to effect the appellant's termination in accordance with the procedural requirements of 5 C.F.R. § 315.805. ID at 7-8. Thus, we agree with the administrative judge that the appellant identified no statutory or regulatory basis for jurisdiction over the appeal.

## NOTICE OF APPEAL RIGHTS[3]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

---

[3] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on

race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security.  *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues.  5 U.S.C. § 7702(b)(1).  You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision.  5 U.S.C. § 7702(b)(1).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**.  This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or

other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[4] The court of appeals must <u>receive</u> your petition for review within **60 days** of the <u>date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The

---

[4] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:      _____

*Gina K. Grippando*

Gina K. Grippando
Clerk of the Board

Washington, D.C.